UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KORS, L.L.C., a Delaware Limited Liability Corporation,<br><br>                           Plaintiff<br>   -vs-<br><br>SU YAN YE, an individual; and DOES 1-10, inclusive,<br><br>                           Defendants. | Civil Action No.: 1:18-cv-02684-LGS<br><br>**[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

**Hon. Lorna G. Schofield**, United States District Judge:

      This Civil Case Management Plan is submitted by Plaintiff Michael Kors L.L.C. ("Plaintiff" or "Michael Kors") and Defendant Su Yan Ye ("Defendant") in accordance with Fed.R.Civ.P. 26(f)(3). Michael Kors and Defendant will be collectively referred to as the "Parties":

1. The Parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.

2. The Parties have conferred pursuant to Fed.R.Civ.P. 26(f).

3. This case is not governed by the Initial Discovery Protocols for Employment cases, the Plan for Certain § 1983 Cases Against the City of New York, or the Local Patent Rules.

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions have taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed that Defendant will provide disclosures related to the purchase and sale of the products at issue, so that Plaintiff may issue a settlement demand.

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.

        Counsel for the parties propose the a settlement conference before a Magistrate Judge as the alternate dispute resolution mechanism for this case.

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed by **July 23, 2018**.

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after **August 20, 2018** without leave of court.

6.    Amended pleadings may be filed without leave of Court until **August 20, 2018**.

7.    Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) shall be completed no later than **14 days** from the date of this Order.

8.    Fact Discovery

    a.    All fact discovery shall be completed no later than **September 20, 2018**.

    b.    Initial requests for production of documents pursuant to Fed.R.Civ.P. 34 shall be served by **July 23, 2018.**

    c.    Interrogatories pursuant to Fed.R.Civ.P. 33 shall be completed by **July 23, 2018.**

    d.    Depositions pursuant to Fed.R.Civ.P. 30, 31 shall be served by **September 20, 2018.**

    e.    Requests to admit pursuant to Fed.R.Civ.P. 36 shall be served by **July 23, 2018.**

    f.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.    Expert Discovery

    a.    The parties anticipate possibly hiring experts regarding actual confusion and damages.

    b.    All expert discovery shall be completed no later than **November 2, 2018**.

    c.    By **August 20, 2018**, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden *of* proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10.    This case is to be tried by a jury.

11.    Counsel for the parties have conferred and their present best estimate of length of trial is **3 days**.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed.R.Civ.P. 26(f)(3), are set forth below.

    a.    <u>Protective Order</u>. To the extent documents or information sought from any Party is confidential, proprietary, a trade secret or contains private

    personal information of third persons or entities that may be subject to legal protections, the Parties will (a) further discuss production of such documents or information, and (b) enter into a suitable stipulated Protective Order for such documents or information that are produced.

  b. <u>Electronic Service</u>. The Parties will work together to minimize discovery disputes. In addition, the Parties have agreed to service via mail with same-day transmission of courtesy copies via e-mail.

  c. <u>Electronically Stored Information ("ESI")</u>. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) should be applied to the preservation, collection, search, review, and production of ESI. The parties agree to produce documents in .PDF format. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

    Should issues arise regarding production of ESI, the parties agree to meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

13. Status Letters and Conferences

  a. By **July 13, 2018**, the parties shall submit a status letter, as outlined in Individual Rule IV.A2.

  b. By **October 4, 2018**, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.    On **October 4, 2018** at **11:00 a.m.**, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

        i.    A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

        ii.    If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pretrial submissions, a final pre-trial conference and trial. The trial date will be firm.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with theCourt's Individual Rules and shall be made no less than **2 business days** prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.


Dated: _____          _____
       New York, New York                 **HON. LORNA G. SCHOFIELD**
                                          United States District Judge


Counsel for the Parties:


__/s/ Brent H. Blakely_____          __/s/ Sara J. Herchenroder_____
Brent H. Blakely                          Eric J. Shimanoff (ejs@cll.com)
(bblakely@blakelylawgroup.com)            Clarence J. Erickson (cje@cll.com)
BLAKELY LAW GROUP                         Sara J. Herchenroder (sjh@cll.com)
1334 Parkview Avenue, Suite 280           Cowan, Liebowitz & Latman, P.C.
Manhattan Beach, CA 90266                 114 West 47th Street
Telephone: (310) 546-7400                 New York, New York 10036
***Attorneys for Plaintiff***             Telephone: (212) 790-9200
***Michael Kors, L.L.C.***                ***Attorneys for Defendant Su Yan Ye***