1334 Parkview Avenue, Suite 280 Manhattan Beach, California 90266
www.BlakelyLawGroup.com T_323-464-7400  F_323-464-7410

bblakely@blakelylawgroup.com

May 18, 2018

**VIA ECF**
Judge Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 1106
New York, New York 10007

> Re:   *Michael Kors, L.L.C. v. Su Yan Ye*;
>        Case No. 1:18-cv-02684-LGS

Hon. Judge Schofield,

Pursuant to this Court's Order re Initial Pretrial Conference, Plaintiff Michael Kors, L.L.C. and Defendant Su Yan Ye (hereinafter collectively, the "Parties")  hereby submit the following joint letter regarding matters to be discussed at the Initial Pretrial Conference scheduled for May 24, 2018 at 11:00 a.m.

**(1)      Statement of the Case**

The present action arises from Defendant Su Yan Ye's ("Defendant") alleged promotion, distribution and sale of handbags, wallets, and related accessories that bear designs confusingly similar to Plaintiff Michael Kors, L.L.C.'s ("Michael Kors") MK Trade Dress ("Accused Products").  As such, Plaintiff has alleged claims of Trade Dress Infringement under the Lanham Act (15 U.S.C. § 1125(a)), Trade Dress Infringement under the common law of the state of New York, and Unfair Competition under the common law of the state of New York against Defendant.

At this time, Defendant has not yet filed and Answer or affirmative defenses in response to the allegations of the Complaint.  However, Defendant's principal defenses are: (1) Plaintiff's lack of common law rights in the alleged MK Trade Dress; (2) no likelihood of confusion between the Accused Products and those bearing the alleged MK Trade Dress; (3) that the Accused Products bear Defendant's own federally registered trademarks; and (4) that Defendant has not willfully, intentionally or knowingly infringed Plaintiff's alleged MK Trade Dress.

The legal and factual issues that are important to resolving this case are (1) the validity of Michael Kors's MK Trade Dress, (2) whether the design of the Accused Products is confusingly similar to, and thereby infringes, the MK Trade Dress, and (3) whether Defendant's allegedly infringing activities were intentional and/or done knowingly.

**(2)     Subject Matter Jurisdiction and Venue**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.  The common law claims in this action arise out of the same nucleus of operative facts as the substantial federal law claims to which they are joined, and therefore this court has jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this district pursuant to 28 U.S.C. §1391 because this action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district, and therefore the  claims asserted arise in this district.

**(3)     Motions**

Plaintiff may file a motion for partial summary judgment re liability.  Defendant may file a motion for summary judgment re liability and/or damages.

Currently, the Parties do not have any motions pending with the Court.

**(4)     Discovery**

To date, no formal discovery has been exchanged and/or conducted between the Parties.  However, the Parties do intend to exchange requests for production of documents, special interrogatories, and requests for admission.  The Parties also intend to take depositions.  The written discovery, responses to same, documents produced therewith and testimony obtained in depositions is likely to be admissible under the Federal Rules of Evidence.  All of this discovery is material to the proof of claims and defenses raised in this action.

**(5)     Computation of Damages**

Pursuant to 15 U.S.C. Section 1117(a), when a trademark violation has occurred, the plaintiff shall be entitled to recover, subject to the principles of equity, (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its

May 18, 2018
Page 3

direction. In determining such profits, the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.

Plaintiff will also seek attorneys' fees and costs associated with this action, and will provide a calculation of same within two weeks of this Court issuing a judgment.

At this time, Michael Kors has not yet received from Defendant the purchase and sales disclosures related to the Accused Products.  As such, Michael Kors is unable to provide a damages calculation at this time.  However, the Parties have discussed these disclosures and Defendant is diligently working to gather and provide same to Michael Kors.

**(6)**    **Settlement**

Settlement discussions have taken place, and counsel for the parties are planning an informal exchange of information in aid of early settlement and have agreed that Defendant will provide disclosures related to the purchase and sale of the products at issue.  Once it receives this information, Michael Kors will be prepared to issue a settlement demand.  The Parties are optimistic that they will be able to resolve this matter prior to extensive motion practice and trial preparation.

Counsel for the Parties request a settlement conference before a Magistrate Judge as the alternate dispute resolution mechanism for this case.

Respectfully Submitted,

Counsel for the Parties:

*/s/ Brent H. Blakely*
Brent H. Blakely
(bblakely@blakelylawgroup.com)
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
***Attorneys for Plaintiff***
***Michael Kors, L.L.C.***

*/s/ Sara J. Herchenroder*
Eric J. Shimanoff (ejs@cll.com)
Clarence J. Erickson (cje@cll.com)
Sara J. Herchenroder (sjh@cll.com)
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, New York 10036
Telephone: (212) 790-9200
***Attorneys for Defendant Su Yan Ye***