USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KORS, L.L.C., a Delaware Limited Liability Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>SU YAN YE, an individual; and DOES 1-10, inclusive,<br><br>      Defendants. | CIVIL ACTION NO. 1:18-CV-2684-KHP |

## STIPULATED MOTION FOR PROTECTIVE ORDER

  WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or, if such a stamp is not possible, designated in a reasonable manner or method that notifies the receiving party of the designation level and identifies with specificity the information to which the designation applies.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. Any copies of such Confidential Information, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in keeping with the producing party's designation.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The party challenging the designation shall treat the information as being properly designated hereunder until the Court rules otherwise or the parties agree to change the designation. Nothing in this

Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. Counsel employed by any party to assist in the action and their respective employees who are assisting in this action;

    b. Officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action;

    c. Outside vendors who perform microfilming, photocopying, computer classification, professional jury or trial consultants, trial support personnel, litigation support services, or similar functions, but only to the extent necessary for the vendor to perform those services;

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, subject to the provisions of Paragraph 6 of this Order;

    e. The Court (including the mediator and stenographic reporters present at depositions or at trial, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    f. Trial or deposition witnesses, in accordance with paragraphs 6 through 9 of this Order; and

    g. Other persons with the parties' consent or by Court order.

5. The parties recognize that there may be certain sensitive confidential, financial, business and/or proprietary documents and information, the disclosure of which to certain categories of persons listed in Paragraph 4 may compromise and/or jeopardize the disclosing party's interests.  Such material may be marked "ATTORNEYS' EYES ONLY", and shall not be disclosed except to the persons identified in (a), (c), (d), (e), (f) and (g) in Paragraph 4 unless otherwise agreed by the parties or ordered by the Court.

6. In the event that counsel for a receiving party proposes to disclose Confidential Information to any independent consultant or expert retained for purposes of this litigation, such consultant or expert must first execute a copy of the Agreement attached hereto as Exhibit A.  Counsel shall retain a signed copy of each signed Exhibit A, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. An Exhibit A signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied to opposing counsel.

7. Counsel for the party obtaining the signed form attached as Exhibit A from any trial witness or deponent shall supply a copy to counsel for the other parties and, as appropriate, a non-party that is a producing party. In the event that, upon being presented with a copy of this Order and Exhibit A, a witness refuses to execute the agreement to be bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

8. The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be "ATTORNEYS' EYES ONLY" for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

    a. stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", in which case the court reporter shall mark each page so designated accordingly;

    b. sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

9. Should the need arise for any party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party or, as appropriate, non-party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information . Prior to filing any pleadings, responses to requests for discovery, motions or other documents with the Court that disclose any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the information shall be designated appropriately under this Order and the filing party shall file the documents under seal or in redacted form. The party that designated the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of supporting such designation to the Court in any request to or by the Court concerning whether such material should be filed under seal or in redacted form.

10. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

11. The disclosure of a document or information without designating it as confidential shall not constitute a waiver of the right to designate such document or information as

Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

12. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

13. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. Inadvertent production of any material which a party or non-party later claims should not have been produced because of privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privilege. A party or non-party may request the return of any Inadvertently Produced Privileged Material. A request for the return of Inadvertently Produced Privileged Material shall identify the material inadvertently produced and the basis for withholding such material from production. If a party or non-party requests the return or destruction, pursuant to this paragraph, of any Inadvertently Produced Privileged Material then in the custody of another party or non-party, the possessing party shall within ten days return to the requesting party or non-party the Inadvertently Produced Privileged Material and all copies thereof and shall expunge from any other document or material information derived from the Inadvertently Produced Privileged Material, unless such party files with the Court a challenge to the claim of privilege. Said party shall not assert as a ground for entering an order compelling production of the material the fact or circumstances of the inadvertent production. Notwithstanding the designation of information as confidential in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

15. If a party is served with a subpoena or an order that would compel disclosure of any Confidential Information, such party shall notify the designating party as soon as reasonably possible.  If the designating party timely seeks a protective order and gives the

    party served with the subpoena or court order notice of the same, the party served with the subpoena or order shall not produce any such Confidential Information before a determination is rendered by the applicable tribunal.

16. The confidentiality obligations imposed by this Order shall remain in effect after the final disposition of this action until a producing party agrees otherwise in writing or a Court order otherwise directs.

17. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party by the receiving party or certified by the receiving party as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED AND AGREED.

Counsel for the Parties:

| | |
|---|---|
| /s/ Jessica C. Covington | /s/ Eric J. Shimanoff |
| Brent H. Blakely (BB 1966) | Eric J. Shimanoff |
| Jessica C. Covington (*pro hac vice*) | Cowan, Liebowitz & Latman, P.C. |
| BLAKELY LAW GROUP | 114 West 47th Street |
| 1334 Parkview Avenue, Suite 280 | New York, New York 10036 |
| Manhattan Beach, CA 90266 | Telephone: (212) 790-9200 |
| Telephone: (310) 546-7400 | *Attorneys for Defendant Su Yan Ye* |
| *Attorneys for Plaintiff* | |
| *Michael Kors, L.L.C.* | |

SO ORDERED.

Dated:   11/16/2018
       New York, New York

                                                Hon. Katharine H. Parker
                                                United States Magistrate Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL KORS, L.L.C., a Delaware Limited Liability Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SU YAN YE, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CIVIL ACTION NO. 1:18-CV-2684-KHP |

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Confidential information. I agree that I will not disclose any Confidential Information to any other person other than as permitted by the Protective Order, and that at the conclusion of the litigation I will return all disclosed Confidential Information to the party or attorney from whom I received it or otherwise certify its destruction. I further agree not to use any such information for any purpose other than this litigation. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of the Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____