

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Eric J. Shimanoff**
(212) 790-9226
ejs@cll.com

March 25, 2019

<u>Via ECF</u>
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

      Re:    <u>Michael Kors, L.L.C. v. Ye</u>, 18 Civ. 02684 – Defendant's Letter Motion to Compel Discovery

Dear Hon. Judge Parker:

      Pursuant to the Court's March 11, 2019 Order (Dkt.#49), Defendant respectfully submits this Letter Motion to Compel Plaintiff: (1) to produce documents in full response to Defendant's Requests for Production of Documents ("RPD") Nos. 6, 12, 13, 16, 20-22, 28, 31-34 and 37, and (2) to "admit" or "deny" Defendant's Requests for Admission ("RFA") Nos. 1, 2, 13 and 14.

      Copies of these requests and Plaintiff's responses thereto are attached as Exhibits A-D.

      Although Plaintiff initiated this case and claims to be a famous fashion brand, Plaintiff has produced less than 500 pages of documents in this matter and has outright refused to produce basic documents highly relevant to its claims of trade dress infringement, including non-privileged information in its possession, custody or control concerning the strength, fame, scope and enforcement of the Michael Kors Common Law Trademark ("MK Trademark") and Michael Kors Trade Dress ("MK Trade Dress").  Plaintiff also refuses to respond to discovery concerning the MK Trademark portion of its trade dress, even though its claimed trade dress simply is its MK Trademark repeated in a common pattern found on handbags and which trademark is referenced at least eleven times in the Complaint.  As set forth herein, these and other objections asserted by Plaintiff are without merit and the Court should grant Defendant's motion to compel.

      The Court also should compel Plaintiff to comply with its agreement made during the meet and confer process to amend certain discovery responses and produce certain documents by last Friday, March 22, 2019.  Plaintiff confirmed this agreement to the Court in the parties' joint status letter dated March 8, 2019 (Dkt.#48).  Defendant has not yet received amended responses or additional documents from Plaintiff.

      I.    <u>Discovery Concerning the Strength of Plaintiff's Alleged Marks and Trade Dress</u>

      Defendant's RPD seeks documents concerning: Plaintiff's business, strategic and market plans concerning the MK Trademark and MK Trade Dress (12); trademark searches and investigations concerning the MK Trademark or MK Trade Dress (13); disputes between Plaintiff and third parties concerning the MK Trademark or MK Trade Dress (21); Plaintiff's enforcement of the MK Trademark or MK Trade Dress (20, 22); agreements concerning the use or registration of the MK Trademark or MK Trade Dress (28); Plaintiff's application(s) to register the MK Trademark and MK Trade Dress (31); third party use of marks or trade

**Cowan, Liebowitz & Latman, P.C.**
Hon. Katharine H. Parker
March 25, 2019
Page 2

dress similar to the MK Trademark or MK Trade Dress (32), including the initials "MK" (33) or a repeating pattern of initials (34); and claims or lawsuits filed by Plaintiff concerning the MK Trademark and MK Trade Dress (37).

Plaintiff has objected to the disclosure of these documents on various grounds, including that such information is irrelevant to this case. To the contrary, all of these requests are relevant because they pertain to the strength and scope of protection of the trade dress at issue.

To succeed in a trade dress infringement suit, Plaintiff must prove that consumers are likely to be confused as to the source of the Defendant's products. 15 U.S.C. § 1125(a); *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492, 495 (2d Cir. 1961). To determine whether a likelihood of confusion exists, Courts look to several factors, including the strength of the plaintiff's mark. *Id*. To gauge a mark's strength, Courts consider several factors, including the amount of third-party usage of the mark. *Star Industries v. Bacardi & Co.*, 412 F.3d 373, 385 (2d Cir. 2005). Use of part or all of the mark by third parties weakens its overall strength, *Lever Bros. Co. v. Am. Bakeries Co.,* 693 F.2d 251, 256 (2d Cir. 1982), and is a powerful indication that there is no likelihood of confusion. *Starbucks Corp. v. Wolfe's Burough Coffee, Inc.*, 588 F.3d 97, 117 (2d Cir. 2009). Such third party use may be shown by Plaintiff's enforcement records, co-existence and license agreements, trademark search reports, and surveys. The strength of a mark is also assessed by analyzing a trademark user's enforcement of the mark, *Patsy's Brand, Inc. v. I.O.B. Realty, Inc*., 317 F.3d 209, 217-18 (2d Cir. 2003), and agreements concerning or affecting the mark's limitations and scope. *Patsy's Italian Restaurant, Inc. v. Banas*, 508 F. Supp. 194, 220 (S.D.N.Y. 2007). Plaintiff's marketing and sales document also are relevant to strength of its claimed trade dress. *Nina Ricci, S.A.R.L. v. Gemcraft, Ltd.*, 612 F. Supp. 1520, 1527 (S.D.N.Y. 1985). And Plaintiff's marketing channels also is a specific likelihood of confusion factor under *Polaroid*. 287 F.2d at 495. The documents requested above thus are all relevant to the strength of the MK Trademark and MK Trade Dress and likely confusion.

Plaintiff's assertion that documents are publically available concerning its filed lawsuits and trademark proceedings is not reason not to produce the same when such documents are readily in Plaintiff's possession, custody or control. *Convolve, Inc. v. Compaq Computer Corp*., 643 F.Supp.2d 336, 342 (S.D.N.Y. 2008) (finding that although a publicly availably document may be accessible to the requesting party, the other party was "undeniably in the best position to identify it and produce it"). Moreover, such public filings would not include relevant correspondence between the parties in those suits, settlement agreements, any document concerning claims made by Plaintiff other than by suit or administrative action, or the existence of third party marks against which Plaintiff has not enforced.

II.     Discovery Concerning the MK Trademark

Plaintiff objects to RPD Nos. 12, 13, 20-22, 28, 31-34, 37 noted above, to RPD No. 16 seeking specimens of use of the MK Trademark, and to RFAs seeking admissions that: Defendant's Trade Mark is not identical to the MK Trademark (1); Plaintiff is precluded by agreement with Mary Kay from registering the MK Trademark (13); and that the MK Trademark is not presumptively valid (14), all on the grounds that such information is irrelevant because Plaintiff has not alleged infringement of the MK Trademark.

While the sole cause of action in this case is for trade dress, and not trademark, infringement, it is impossible to separate the two in this particular case because the MK Trademark is the most dominant and only allegedly distinct part of the MK Trade Dress. Indeed, the MK Trade Dress is just the MK Trademark in a repeating pattern common to many handbag brands. Trade dress encompasses the design and

**Cowan, Liebowitz & Latman, P.C.**
Hon. Katharine H. Parker
March 25, 2019
Page 3

appearance of the product that makes the product identifiable to consumers, *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 269 F.3d 114, 118 (2d Cir. 2001), including any trademark portion of trade dress. *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1042 (2d Cir. 1992). Plaintiff itself specifically references the MK Trademark at least eleven times in its Complaint. Plaintiff cannot now claim to the contrary that the MK Trademark is not relevant to its claims.

Defendant suspects that Plaintiff's true motivation in refusing to respond to these requests is that Plaintiff does not want to produce a long-standing settlement and co-existence agreement it has with Mary Kay that precludes Plaintiff's registration of the MK Trademark for certain goods and services and likely contains other limiting trademark provisions. But this agreement, which would also cover the MK Trade Dress by application (since the trade dress is just a repeating MK Trademark), is highly relevant to the strength of Plaintiff's mark and trade dress.

III.     Other Discovery Request

Defendant's RFA asks Plaintiff to admit: that Defendant's Trade Mark is not identical to the MK Trademark (1) and that Defendant's trade dress is not identical to the MK Trade Dress (2). Plaintiffs object to these RFAs on the grounds that the standard for trade dress infringement is the likelihood of confusion, not whether the product designs are identical. The similarity of the marks as they appear in the marketplace is one of the likelihood of confusion factors. *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 394 (2d Cir. 1995). Whether marks are identical would thus be relevant to similarity.

Plaintiff has refused to produce organizational charts reflecting Plaintiff's corporate structure, affiliated companies, and management hierarchy (6). These documents speak to the core of Plaintiff's structure and business, which essentially is its brand, and thus are relevant to this action.

Plaintiff claims that some or all of these requests are burdensome and not proportional to the needs of this case. As discussed above, most of these requests go to the core of the likelihood of confusion issue at the heart of this case. Moreover, Plaintiff filed this case and alleged it is a famous and valuable global brand that reflects the pinnacle of luxury. It also has the burden to prove its case. It cannot now claim that producing these basic documents essential to its allegations is burdensome. Indeed, Plaintiff has not agreed to produce any documents based on such objection, not even an amount it would deem non-burdensome or proportional, in and of itself showing that its objection is unfounded. If Plaintiff was not prepared to diligently litigate this matter, it should not have filed suit in the first instance.

Based on the foregoing, the Court should grant Defendant's motion to compel.

Respectfully submitted,

s/ Eric J. Shimanoff

Exhibits A-D