# EXHIBIT A

Eric J. Shimanoff (ejs@cll.com)
Sara J. Herchenroder (sjh@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY  10036
(212) 790-9200

*Attorneys For Defendant Su Yan Ye*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MICHAEL KORS, L.L.C., a Delaware Limited Liability Corporation,

                               Plaintiff,

   -against-

SU YAN YE, an individual; and DOES 1-10, inclusive,

                            Defendants.
------------------------------------------------------------- x

No. 18 Civ. 02684 (LGS)

**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Su Yan Ye ("Ms. Ye" or "Defendant") hereby requests that Plaintiff Michael Kors L.L.C. ("Michael Kors" or "Plaintiff") produce for inspection and copying, at the offices of Cowan, Liebowitz & Latman, P.C., 114 West 47th Street, New York, New York 10036, within thirty (30) days, the documents requested below.

**DEFINITIONS AND INSTRUCTIONS**

Defendant incorporates by reference the Uniform Definitions in Discovery Requests as articulated in Local Civil Rule 26.3.  Defendant provides the following additional definitions and instructions below to apply to all discovery requests:

1

1. **Complaint**. The term "Complaint" refers to the complaint filed by Plaintiff in this action.

2. **MK Common Law Trademark**. The term "MK Common Law Trademark" shall have the meaning proscribed by Plaintiff in Plaintiff's Complaint.

3. **MK Trade Dress**. The term "MK Trade Dress" shall have the meaning proscribed by Plaintiff in Plaintiff's Complaint.

4. **Defendant's Trade Mark.** The term "**Defendant's Trade Mark**" shall mean the trademarks depicted in USPTO Reg. Nos. 5456276 and 5144242.

5. **Accused Products.** The term "**Accused Products**" shall mean any and all product manufactured, imported, marketed, promoted, advertised, distributed, offered for sale or sold bearing or in connection with Defendant's Trade Mark or alleged by Plaintiff against Defendant in this action to infringe the MK Common Law Trademark or MK Trade Dress.

6. With respect to any document or information for which you claim a privilege, please specify:

    (a) the nature of the privilege being claimed (including work product);
    (b) the general subject matter of the document or oral communication as to which the privilege is claimed;
    (c) the date of the document or oral communication;
    (d) the name of the author or person making such communication;
    (e) the addressees or recipients of the document or oral communication;
    (f) the relationship between the author or person making such communication and the addressees or recipients of the document or oral communication.

7. If it is claimed that only part of a document or oral communication is privileged or otherwise need not be produced, please identify or produce the remaining part of the document or oral communication.

8. Each request for documents seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

2

9. These requests shall be deemed continuing so as to require further and supplemental production if Plaintiff, or any other person on its behalf, obtains additional information or documents or things responsive to these requests.

10. These requests apply to all responsive documents, information and things in Plaintiff's possession, custody or control. If a request calls for the production of a document or thing not within the custody, possession or control of Plaintiff, please state this fact in the response to these requests, identify and describe the document or thing with particularity, and state the name, address, telephone number and email address of the person or persons having custody, possession or control of the document or thing.

11. In the event that any document or thing called for by these requests has been destroyed, lost, discarded, or otherwise disposed of prior to the responses to these requests, please identify such document or thing as completely as possible, including without limitation the following: date of disposal, manner of disposal, reason for disposal, person authorizing disposal and person disposing of the document or thing.

12. All documents produced in response to these requests are to be produced as they are kept in the usual course of business.

13. If there are no documents responsive to any particular category, please so state in writing.

**REQUESTS**

1. All documents relied upon or identified by Plaintiff in responding to any interrogatory or request for admission in this action.

2. All documents identified by Plaintiff in its Initial Disclosures.

3. Documents sufficient to show Plaintiff's policy and procedures for record management, document retention and document destruction.

4. All documents concerning Defendant.

5. All documents concerning any communications between Plaintiff and any third party regarding Defendant or this action.

6. All organizational charts reflecting Plaintiff's corporate structure, affiliated companies and management hierarchy.

7. All documents concerning Plaintiff's pre-suit investigation of infringement of the MK Common Law Trademark and the MK Trade Dress alleged in the action, including without limitation of Defendant and the Accused Products.

8. All documents concerning Plaintiff's earliest knowledge of Defendant's Trade Mark and the sale or intended sale of the Accused Products.

9. All documents concerning any infringement analysis, report, evaluation, opinion, analyses, studies, inspection or investigation prepared by Plaintiff or on its behalf concerning Defendant or the Accused Products.

10. All documents concerning the infringement of the MK Common Law Trademark or the MK Trade Dress, as alleged in the Complaint.

11. Documents sufficient to identify the MK Trade Dress.

12. All business plans, strategic plans or market analyses concerning Plaintiff, the MK Common Law Trademark or the MK Trade Dress.

13. All documents concerning any trademark searches, investigations, analyses, studies or opinion letters conducted or reviewed by or on behalf of Plaintiff concerning the MK Common Law Trademark or the MK Trade Dress.

14. All documents concerning the conception, selection, creation, design and adoption of each of the MK Common Law Trademark and the MK Trade Dress.

15. Specimens of each product sold or licensed by Plaintiff bearing the MK Common Law Trademark and the MK Trade Dress.

16. Specimens of packaging for each product sold or licensed by Plaintiff bearing the MK Common Law Trademark and the MK Trade Dress and documents sufficient to identify the periods of time during which such packaging was in use.

17. Documents sufficient to identify (a) the date of first use of the MK Common Law Trademark and the MK Trade Dress; (b) the geographic scope of use of the MK Common Law Trademark and the MK Trade Dress; (c) any and all retail customers, distributors or other sellers to which goods bearing the MK Common Law Trademark and the MK Trade Dress have been sold; (d) the products or services offered or sold under the MK Common Law Trademark and the MK Trade Dress; and (e) the amount of Plaintiff's annual sales of each product (in dollars and units) bearing the MK Common Law Trademark and the MK Trade Dress for each year since their introduction.

18. Documents sufficient to identify the annual amount of Plaintiff's advertising and promotional expenditures for each product bearing or sold in connection with the MK Common Law Trademark and the MK Trade Dress for each year since their introduction.

19. All documents concerning each trade show, convention, exposition or conference at which the MK Common Law Trademark and the MK Trade Dress have been displayed, advertised, promoted or offered for sale in the United States or in commerce with the United States.

20. All documents concerning Plaintiff's grant or receipt of authorization or license to use (or proposed authorization or license to use) the MK Common Law Trademark and the MK Trade Dress in the United States or in commerce with the United States to any third party, including, but not limited to, all license agreements.

21. All documents concerning any claims, conflicts, objections, cease and desist or other demands, litigations, trademark oppositions or cancellation proceedings, arbitrations, administrative proceedings or other disputes of any kind concerning registration or use of the MK Common Law Trademark and the MK Trade Dress, including without limitation any dispute with or concerning Mary Kay or its trademarks.

22. All documents concerning enforcement of the MK Common Law Trademark and the MK Trade Dress.

23. All documents concerning any market research, focus groups, surveys or other investigation made or commissioned by or on behalf of Plaintiff concerning Defendant's Trade Mark or the Accused Products.

24. All documents concerning any market research, focus groups, surveys or other investigation made or commissioned by or on behalf of Plaintiff concerning the MK Common Law Trademark and the MK Trade Dress.

27162/000/2475286

25. All documents concerning the actual or intended channels of trade for goods sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress.

26. All documents concerning the demographics of the customers for goods sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress.

27. All documents concerning the advertising, marketing or promotion of goods sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress in the United States or U.S. commerce, including but not limited to, samples of each advertisement or promotional piece, any media plans, public relations materials, press kits, correspondence with advertising agencies, public relations firms, media planners, graphic designers, website designers or any other such entities in the advertising and promotional field and documents sufficient to show the advertising and promotional channels used to advertise or promote goods sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress.

28. All documents concerning any agreements to which Plaintiff is a party concerning the use or registration of the MK Common Law Trademark and the MK Trade Dress, including, but not limited to, co-existence agreements and settlement agreements.

29. All documents concerning any communications between Plaintiff and any third party, including without limitation retailers, wholesalers, importers, exporters and distributors, concerning the MK Common Law Trademark and the MK Trade Dress.

30. All documents concerning Plaintiff's contention that the MK Common Law Trademark and the MK Trade Dress function to indicate the source of goods.

31. All documents concerning any application by Plaintiff to register the MK Common Law Trademark or the MK Trade Dress as a trademark in the United States, including without limitation all correspondence with the U.S. Patent and Trademark Office.

32. All documents concerning any third parties manufacturing, importing, marketing, promoting, advertising, distributing, offering for sale or selling goods identical or similar to those sold by Plaintiff using a mark or trade dress allegedly similar to the MK Common Law Trademark or the MK Trade Dress.

33. All documents concerning any third parties manufacturing, importing, marketing, promoting, advertising, distributing, offering for sale or selling goods identical or similar to those sold by Plaintiff using a mark containing or comprising the initials "MK".

34. All documents concerning any third parties manufacturing, importing, marketing, promoting, advertising, distributing, offering for sale or selling goods identical or similar to those sold by Plaintiff using a trade dress containing or comprising a repeating initial pattern.

35. All documents concerning Plaintiff's contention that the MK Common Law Trademark and the MK Trade Dress are inherently distinctive or have acquired secondary meaning, including, without limitation all documents showing Plaintiff's advertising expenditures for the promotion of the MK Common Law Trademark and the MK Trade Dress, any consumer studies tying the MK Common Law Trademark or the MK Trade Dress to Plaintiff, unsolicited media coverage of the MK Common Law Trademark and the MK Trade Dress, sales success of the MK Common Law Trademark and the MK Trade Dress, attempts to plagiarize the MK Common Law Trademark or the MK Trade Dress, and/or the length of time Plaintiff has used the MK Common Law Trademark and the MK Trade Dress and the extent to which such use has been exclusive.

27162/000/2475286

36. All documents concerning any functionality or aesthetic functionality of the MK Trade Dress.

37. All documents concerning any claims made or lawsuits filed by Plaintiff against any third parties using a trademark or trade dress allegedly similar to the MK Common Law Trademark or the MK Trade Dress.

38. All documents concerning any instances of actual confusion between the MK Common Law Trademark or the MK Trade Dress, on the one hand, and Defendant's Trademarks or the Accused Products, on the other hand.

39. All documents concerning any surveys or market research undertaken by or on behalf of Plaintiff concerning (a) the likelihood of confusion between the MK Common Law Trademark or the MK Trade Dress, on the one hand, and Defendant's Trade Mark or the Accused Products, on the other hand, or (b) any other issues in this action.

40. Documents sufficient to identify each of the channels of trade through which Plaintiff's goods bearing or sold in connection with the MK Common Law Trademark or the MK Trade Dress are marketed and sold.

41. All documents concerning any likelihood of confusion between the MK Common Law Trademark or the MK Trade Dress, on the one hand, and Defendant's Trade Mark or the Accused Products, on the other hand.

42. Documents sufficient to identify each of the Accused Products alleged to infringe the MK Common Law Trademark and the MK Trade Dress.

43. All documents concerning Plaintiff's alleged monetary damages due to infringement of the MK Common Law Trademark and the MK Trade Dress alleged in the action.

44. All documents concerning any irreparable injury allegedly suffered by Plaintiff alleged in the action.

45. All documents concerning damages suffered by Plaintiff as a result of trademark and trade dress infringement by Defendant, as alleged in the Complaint, including, without limitation, documents sufficient to support the calculation of such damages.

46. All documents not specifically requested herein concerning communications concerning this lawsuit or the claims made in the Complaint.

47. All documents not specifically requested herein concerning the factual allegations in Plaintiff's Complaint.

Dated: New York, New York
       July 13, 2018

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Eric J. Shimanoff (ejs@cll.com)
Sara J. Herchenroder (sjh@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036-1525
(212) 790-9200

*Attorneys for Defendant Su Yan Ye*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 13, 2018, I caused the foregoing DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF to be served by first class mail and email upon counsel for Plaintiff as follows:

BLAKELY LAW GROUP
Brent H. Blakely
bblakely@blakelylawgroup.com
Jessica C. Covington
jcovington@blakelylawgroup.com
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266

                                          Eric J. Shimanoff