# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KORS, L.L.C., a Delaware Limited Liability Corporation,<br><br>                Plaintiff<br>   -vs-<br><br>SU YAN YE, an individual; and DOES 1-10, inclusive,<br><br>              Defendants. | Civil Action No. 1:18-cv-02684 |

## PLAINTIFF'S RESPONSES TO DEFENDANT SU YAN YE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:    Defendant SU YAN YE

RESPONDING PARTY:    Plaintiff MICHAEL KORS, L.L.C.

SET NO.:    ONE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Michael Kors, L.L.C. ("Plaintiff") hereby responds to the Requests propounded by Defendant Su Yan Ye ("Defendant") as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant's Request for Productions of Documents. The assertion of the same or additional objections in any particular response to Defendant's Request does not waive its General Objections, set forth below, that are not specifically repeated in that response. Each of the referenced responses is made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, all of which objections and grounds are reserved and may be interposed at the time of trial. The responding party reserves the right to

make changes to these responses if it appears that omissions or errors have been made herein, further or more accurate information becomes available.  Discovery and investigations are ongoing.  No incidental or implied omission is intended herein.  The fact that the responding party has responded to all or any part of a request is not intended and shall not be construed to be a waiver by the responding party of all or any part of the objection to such request.

Plaintiff objects to each of Defendant's definitions and Requests to the extent they call for information protected from disclosure by the attorney-client privilege.

Plaintiff objects to each of Defendant's definitions and Requests to the extent they call for information protected from disclosure by the work-product doctrine.  Moreover, any inadvertent disclosure of such information shall not be deemed as a waiver of the doctrine.

Plaintiff objects to each of Defendant's definitions and Requests to the extent they call for the production of information protected from disclosure by the right to privacy.  Moreover, any inadvertent disclosure of such information shall not be deemed as a waiver of the right to privacy.

Plaintiff objects to each of Defendant's Requests to the extent it calls for information which Defendant's may ascertain with the exercise of reasonable diligence, and to the extent each of Defendant's Requests is overbroad, vague, ambiguous, unduly burdensome and oppressive, and attempts to expand Plaintiff's obligations beyond those set forth in the Federal Rules of Civil Procedure.

The absence of an objection that a Request is irrelevant is not intended to be a waiver of that objection and Plaintiff reserves the right to object on relevancy grounds at any stage of these proceedings.

The foregoing objections are incorporated into all responses set forth below.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents relied upon or identified by Plaintiff in responding to any interrogatory or request for admission in this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Subject to its objections to Defendant's Special Interrogatories and Requests for Admission, Michael Kors will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

### REQUEST NO. 2:

All documents identified by Plaintiff in its Initial Disclosures.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case.

Without waiving the foregoing objection and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

### REQUEST NO. 3:

Documents sufficient to show Plaintiff's policy and procedures for record management, document retention and document destruction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is vague and ambiguous. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

**REQUEST NO. 4:**

All documents concerning Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it is vague and ambiguous. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 5:**

All documents concerning any communication between Plaintiff and any third party regarding Defendant or this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that

outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 6:**

All organizational charts reflecting Plaintiff's corporate structure, affiliated companies and management hierarchy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is vague and ambiguous.

**REQUEST NO. 7:**

All documents concerning Plaintiff's pre-suit investigation of infringement of the MK Common Law Trademark and the MK Trade Dress alleged in the action, including without limitation of Defendant and the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce

non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 8:**

All documents concerning Plaintiff's earliest knowledge of Defendant's Trade Mark and the sale or intended sale of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 9:**

All documents concerning any infringement analysis, report, evaluation, opinion, analyses, studies, inspection or investigation prepared by Plaintiff or on its behalf concerning Defendant or the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege. Michael Kors further

objects to this Request to the extent it imposes burdens and/or rules beyond those set by the Federal Rules of Civil Procedure, Local Rules, and/or Scheduling Order of this action.

**REQUEST NO. 10:**

All documents concerning the infringement of the MK Common Law Trademark or the MK Trade Dress, as alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 11:**

Documents sufficient to identify the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Michael Kors objects to this Request to the extent it is vague and ambiguous.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 12:**

All business plans, strategic plans or market analyses concerning Plaintiff, the MK Common Law Trademark or the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent "business plans" is vague and ambiguous. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

**REQUEST NO. 13:**

All documents concerning any trademark searches, investigations, analyses, studies or opinion letters conducted or reviewed by or on behalf of Plaintiff concerning the MK Common Law Trademark or the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

**REQUEST NO. 14:**

All documents concerning the conception, selection, creation, design and adoption of each of the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections, and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents sufficient to show that Michael Kors created and owns the MK Common Law Trademark and MK Trade Dress and when said intellectual property was created.

**REQUEST NO. 15:**

Specimens of each product sold or licensed by Plaintiff bearing the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors has sold thousands of products that bear the MK Common Law Trademark and the MK Trade Dress.

Without waiving the foregoing objections, and to the extent it understands this Request, Michael Kors responds as follows: At a mutually agreeable time and place, Michael Kors will make available for inspection a selection authentic Michael Kors® products bearing the MK Common Law

Trademark and the MK Trade Dress. Said selection will be sufficient to show the products upon which said intellectual property appears and the overall look and feel of the MK Trade Dress.

**REQUEST NO. 16:**

Specimens of packaging for each product sold or licensed by Plaintiff bearing the MK Common Law Trademark and the MK Trade Dress and documents sufficient to identify the periods of time during which such packaging was in use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors has sold thousands of products that bear the MK Common Law Trademark and the MK Trade Dress.

**REQUEST NO. 17:**

Documents sufficient to identify (a) the date of first use of the MK Common Law Trademark and the MK Trade Dress; (b) the geographic scope of use of the MK Common Law Trademark and the MK Trade Dress; (c) any and all retail customers, distributors or other sellers to which goods bearing the MK Common Law Trademark and the MK Trade Dress have been sold; (d) the products or services offered or sold under the MK Common Law Trademark and the MK Trade Dress; and (e) the amount of Plaintiff's annual sales of each product (in dollars and units) bearing the MK Common Law Trademark and the MK Trade Dress for each year since their introduction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that

outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors has sold thousands of products that bear the MK Common Law Trademark and the MK Trade Dress. Michael Kors objects to this Request to the extent it calls for information and/or documents that is publicly available and can be obtained by Defendant with the exercise of reasonable diligence.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody or control sufficient to identify (a) the date of first use of the MK Common Law Trademark and the MK Trade Dress; (b) the geographic scope of use of the MK Common Law Trademark and the MK Trade Dress; (c) customers to whom Michael Kors has sold goods bearing the MK Common Law Trademark and the MK Trade Dress; (d) the products and services offered or sold under the MK Common Law Trademark and the MK Trade Dress; and (e) Michael Kors revenues associated with the sale of goods bearing the MK Trade Dress over the last six years.

**REQUEST NO. 18:**

Documents sufficient to identify the annual amount of Plaintiff's advertising and promotional expenditures for each product beating or sold in connection with the MK Common Law Trademark and the MK Trade Dress for each year since their introduction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive.

Without waiving the foregoing objections and to the extent it understands

this Request, Michael Kors responds as follows: Michael Kors does not maintain information in the way requested. However, Michael Kors will produce documents sufficient to identify its advertising expenditures over the last six years.

**REQUEST NO. 19:**

All documents concerning each trade show, convention, exposition or conference at which the MK Common Law Trademark and the MK Trade Dress have been displayed, advertised, promoted or offered for sale in the United States or in commerce with the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors objects to this Request to the extent that, as written, it is vague, ambiguous, and intelligible. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are sufficient to identify the trade shows, conventions and/or conferences at which Michael Kors displayed and/or promoted products bearing the MK Trade Dress over the last six years.

**REQUEST NO. 20:**

All documents concerning Plaintiff's grant or receipt of authorization or license to use (or proposed authorization or license to use) the MK Common Law Trademark and the MK Trade Dress in the United States or in commerce

with the United States to any third party, including, but not limited to, all license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Michael Kors objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors objects to this Request to the extent that, as written, it is vague and ambiguous. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

**REQUEST NO. 21:**

All documents concerning any claims, conflicts, objections, cease and desist or other demands, litigations, trademark oppositions or cancellation proceedings, arbitrations, administrative proceedings or other disputes of any kind concerning registration or use of the MK Common Law Trademark and the MK Trade Dress, including without limitation any dispute with or concerning Mary Kay or its trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Michael Kors objects to this Request to the extent it calls for the production of documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: The non-privileged documents

that are responsive to this Request can be found on the USPTO website at
www.uspto.gov.

**REQUEST NO. 22:**

All documents concerning enforcement of the MK Common Law Trademark
and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Michael Kors objects to this Request to the extent it calls for the
production of documents not relevant to any party's claims or defenses and
imposes a burden that outweighs the needs of this case. Michael Kors further
objects to this Request to the extent it is overbroad, unduly burdensome, and
therefore oppressive. Michael Kors further objects to this Request to the extent
it calls for documents protected by the attorney-client and/or work product
privilege.

**REQUEST NO. 23:**

All documents concerning any market research, focus groups, surveys or
other investigation made or commissioned by or on behalf of Plaintiff concerning
Defendant's Trademark or the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Michael Kors objects to this Request to the extent it calls for documents
not related to any party's claims or defenses and imposes a burden that
outweighs the needs of this case. Michael Kors further objects to this Request to
the extent is overbroad, unduly burdensome, and therefore oppressive. Michael
Kors further objects to this Request to the extent it calls for documents protected
by the attorney-client and/or work product privilege. Michael Kors further
objects to this Request to the extent it imposes burdens and/or rules beyond
those set by the Federal Rules of Civil Procedure, Local Rules, and/or
Scheduling Order of this action.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: After a diligent search and a reasonable inquiry, Michael Kors does not have any non-privileged responsive documents in its possession, custody, or control because such documentation does not exist. Discovery is ongoing and Michael Kors reserves the right to supplement and/or amend this response as additional information becomes available.

**REQUEST NO. 24:**

All documents concerning any market research, focus groups, surveys or other investigation made or commissioned by or on behalf of Plaintiff concerning the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: After a diligent search and a reasonable inquiry, Michael Kors does not have any non-privileged responsive documents in its possession, custody, or control because such documentation does not exist. Discovery is ongoing and Michael Kors reserves the right to supplement and/or amend this response as additional information becomes available.

**REQUEST NO. 25:**

All documents concerning the actual or intended channels of trade for goods

sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections, and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents sufficient to identify the trade channels of the MK Common Law Trademark and the MK Trade Dress.

**REQUEST NO. 26:**

All documents concerning the demographics of the customers for goods sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections, and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents sufficient to identify customer demographics

related to the MK Common Law Trademark and the MK Trade Dress.

**REQUEST NO. 27:**

      All documents concerning the advertising, marketing or promotion of goods sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress in the United States or U.S. commerce, including but not limited to, samples of each advertisement or promotional piece, any media plans, public relations materials, press kits, correspondence with advertising agencies, public relations firms, media planners, graphic designers, website designers or any other such entities in the advertising and promotional field and documents sufficient to show the advertising and promotional channels used to advertise or promote goods sold or intended to be sold in connection with the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

      Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

      Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: To the extent it has not already done so, Michael Kors will produce non-privileged documents in its possession, custody, or control sufficient to identify the advertising channels of the MK Common Law Trademark and the MK Trade Dress.

**REQUEST NO. 28:**

      All documents concerning any agreements to which Plaintiff is a party concerning the use or registration of the MK Common Law Trademark and the

MK Trade Dress, including, but not limited to, co-existence agreements and settlement agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege. Michael Kors further objects to this Request to the extent it calls for the production of agreements that are subject to confidentiality provisions.

**REQUEST NO. 29:**

All documents concerning any communications between Plaintiff and any third party, including without limitation retailers, wholesalers, importers, exporters and distributors, concerning the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

**REQUEST NO. 30:**

All documents concerning Plaintiffs contention that the MK Common Law Trademark and the MK Trade Dress function to indicate the source of goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents sufficient to show that the MK Trade Dress has acquired secondary meaning and/or is inherently distinctive.

**REQUEST NO. 31:**

All documents concerning any application by Plaintiff to register the MK Common Law Trademark or the MK Trade Dress as a trademark in the United States, including without limitation all correspondence with the U.S. Patent and Trademark Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Non-privileged documents that are responsive to this Request are publicly available on the USPTO website, www.uspto.gov.

## REQUEST NO. 32:

All documents concerning any third parties manufacturing, importing, marketing, promoting, advertising, distributing, offering for sale or selling goods identical or similar to those sold by Plaintiff using a mark or trade dress allegedly similar to the MK Common Law Trademark or the MK Trade Dress

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Michael Kors objects to this Request to the extent it calls for the production of documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work produce privilege.

## REQUEST NO. 33:

All documents concerning any third parties manufacturing, importing, marketing, promoting, advertising, distributing, offering for sale or selling goods identical or similar to those sold by Plaintiff using a mark containing or comprising the initials "MK".

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Michael Kors objects to this Request to the extent it calls for the production of documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work produce privilege.

## REQUEST NO. 34:

All documents concerning any third parties manufacturing, importing, marketing, promoting, advertising, distributing, offering for sale or selling goods identical or similar to those sold by Plaintiff using a trade dress containing or comprising a repeating initial pattern.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Michael Kors objects to this Request to the extent it calls for the production of documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work produce privilege.

## REQUEST NO. 35:

All documents concerning Plaintiff's contention that the MK Common Law Trademark and the MK Trade Dress are inherently distinctive or have acquired secondary meaning, including, without limitation all documents showing Plaintiff's advertising expenditures for the promotion of the MK Common Law Trademark and the MK Trade Dress, any consumer studies tying the MK Common Law Trademark or the MK Trade Dress to Plaintiff, unsolicited media coverage of the MK Common Law Trademark and the MK Trade Dress, sales success of the MK Common Law Trademark or the MK Trade Dress, and/or the length of time Plaintiff has used the MK Common Law Trademark and the MK Trade Dress and the extent to which such use has been exclusive.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that

outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents sufficient to show that the MK Trade Dress has acquired secondary meaning and/or is inherently distinctive.

**REQUEST NO. 36:**

All documents concerning any functionality or aesthetic functionality of the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: After a diligent search and a reasonable inquiry, Michael Kors does not have any documents in its possession, custody, or control that are responsive to this Request because such documentation does not exist.

**REQUEST NO. 37:**

All documents concerning any claims made or lawsuits filed by Plaintiff against any third parties using a trademark or trade dress allegedly similar to the MK Common Law Trademark or the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: A list of the relevant lawsuits filed by Michael Kors can be found on PACER.

**REQUEST NO. 38:**

All documents concerning any instances of actual confusion between the MK Common Law Trademark or the MK Trade Dress, on the one hand, and Defendant's Trademarks or the Accused Products, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: After a diligent search and a reasonable inquiry, Michael Kors does not have any documents responsive to this Request in its possession, custody, or control at this time. Discovery is ongoing and Michael Kors reserves the right to supplement and/or amend this response as additional information becomes available.

## REQUEST NO. 39:

All documents concerning any surveys or market research undertaken by or on behalf of Plaintiff concerning (a) the likelihood of confusion between the MK Common Law Trademark or the MK Trade Dress, on the one hand, and Defendant's Trade Mark or the Accused Products, on the other hand, or (b) any other issues in this action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for documents protected by the attorney-client and/or work product privilege. Michael Kors further objects to this Request to the extent it imposes burdens and/or rules beyond those set by the Federal Rules of Civil Procedure, Local Rules, and/or Scheduling Order of this action. Michael Kors further objects to this Request to the extent it is duplicative of Request Nos. 23 and 24.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: At the appropriate time, Michael Kors will disclose any experts and experts reports related to this action.

## REQUEST NO. 40:

Documents sufficient to identify each of the channels of trade through which Plaintiff's goods bearing or sold in connection with the MK Common Law Trademark or the MK Trade Dress are marketed and sold.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Michael Kors objects to this Request to the extent it calls for documents not related to any party's claims or defenses and imposes a burden that

outweighs the needs of this case. Michael Kors further objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request as duplicative of Request No. 25.

Without waiving the foregoing objections, and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents sufficient to identify the trade channels of the MK Trade Dress.

**REQUEST NO. 41:**

All documents concerning any likelihood of confusion between the MK Common Law Trademark or the MK Trade Dress, on the one hand, and Defendant's Trade Mark or the Accused Products, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Michael Kors objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control sufficient to show likelihood of confusion between the MK Trade Dress and the design of the Accused Products.

**REQUEST NO. 42:**

Documents sufficient to identify each of the Accused Products alleged to infringe the MK Common Law Trademark and the MK Trade Dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Michael Kors objects to this Request to the extent it calls for documents already in the possession, custody, or control of Defendant.

Without waiving the foregoing objection, and to the extent it understands this Request, Michael Kors responds as follows: To the extent it has not already done so, Michael Kors will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 43:**

All documents concerning Plaintiff's alleged monetary damages due to infringement of the MK Common Law Trademark and the MK Trade Dress alleged in the action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Michael Kors objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are sufficient to prove its claims for damages.

**REQUEST NO. 44:**

All documents concerning any irreparable injury allegedly suffered by Plaintiff alleged in the action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Michael Kors objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce

non-privileged documents in its possession, custody, or control that are sufficient to prove the injury it has suffered as a result of Defendant's infringing activities.

**REQUEST NO. 45:**

All documents concerning damages suffered by Plaintiff as a result of trademark and trade dress infringement by Defendant, as alleged in the Complaint, including, without limitation, documents sufficient to support the calculation of such damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Michael Kors objects to this Request to the extent is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent it understands this Request, Michael Kors responds as follows: Michael Kors will produce non-privileged documents in its possession, custody, or control that are sufficient to prove its claims for damages.

**REQUEST NO. 46:**

All documents not specifically requested herein concerning communications concerning this lawsuit or the claims made in this Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Michael Kors objects to this Request to the extent it calls for the production of documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent that, as worded, it is vague and ambiguous. Michael Kors further objects to this

Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

**REQUEST NO. 47:**

All documents not specifically requested herein concerning the factual allegations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Michael Kors objects to this Request to the extent it calls for the production of documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Michael Kors further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Michael Kors further objects to this Request to the extent that, as worded, it is vague and ambiguous. Michael Kors further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Dated:       August 30, 2018            BLAKELY LAW GROUP

_____

Brent H. Blakely (BB 1966)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
*Attorneys for Plaintiffs*
*Michael Kors, L.L.C.*

## PROOF OF SERVICE

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 1334 Parkview Avenue, Suite 280, Manhattan Beach, California 90266. On August 30, 2018, I served the documents named below on the parties in this action as follows:

| | |
|---|---|
| **Document(s) Served:** | **PLAINTIFF'S RESPONSES TO DEFENDANT SU YAN YE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| **Served Upon:** | Eric J. Shimanoff<br>ejs@cll.com<br>Sara J. Herchenroder<br>sjh@cll.com<br>COWAN, LIEBOWITZ & LATMAN, P.C.<br>114 West 47th Street Fl 21<br>New York, NY 10036<br>***Attorneys for Defendant Su Yan Ye*** |

[X]    (**BY MAIL**)  I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Manhattan Beach, California, following the ordinary business practices of my place of business.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service.  Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

[ ]    (**BY FEDERAL EXPRESS**)  I am readily familiar with the business practices at my place of business for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[X]    (**BY E-MAIL**)  I caused a copy of the document(s) described herein to be to be transmitted via electronic mail to the recipients listed above to at the listed electronic mail address(es).

[ ]    (**BY PERSONAL SERVICE**)  I served the foregoing document by placing true copies thereof enclosed in sealed envelope(s) addressed as stated below.  I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

[X]    (**FEDERAL**)  I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2018, at Manhattan Beach, California.

_____
Monica Lawal